KILPATRICK TOWNSEND & STOCKTON LLP
JAMES SMITH (State Bar No. 190050)
James.Smith@kilpatricktownsend.com
SEAN SHABBAR (State Bar No. 320287)
SShabbar@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111
Telephone:   415 576 0200
Facsimile:   415 576 0300

Attorneys for Plaintiff
WILL ROGERS

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL ROGERS,<br>an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY BELLEROSE,<br>an individual,<br><br>　　　　　Defendant. | Civil Action No.<br><br>**PLAINTIFF WILL ROGERS' COMPLAINT FOR (1) VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. § 2707; (2) VIOLATION OF CALIFORNIA PENAL CODE SECTION 502; (3) CONVERSION; (4) VIOLATION OF ARTICLE I, SECTION 1 OF THE CALIFORNIA CONSTITUTION; (5) CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200, ET SEQ.; AND (6) TORT OF ANOTHER**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT
CASE NO.

COMES NOW WILL ROGERS who alleges against NANCY BELLEROSE as follows:

## JURISDICTION

1. This Court has jurisdiction of this matter pursuant to 18 U.S.C. § 2707 of the Stored Communications Act ("SCA").

2. Venue is proper in the Northern District of California as the acts and injuries complained of herein occurred in this district.

## BRIEF STATEMENT OF THE CASE

3. This is an action of crude corporate espionage. In the Fall of 2019, Defendant Nancy Bellerose successfully and illegally hacked into Plaintiff's personal email and other private accounts, without permission, as part of a scheme to obtain confidential and proprietary information belonging to Plaintiff and third parties, including information related to certain patents obtained by Plaintiff in fire resistant coaxial cable technologies. Plaintiff is informed and believes, and thereon alleges, that Defendant viewed and downloaded at least one, and likely more, confidential emails and other data from Plaintiff's accounts, all in violation of the Stored Communications Act ("SCA"), 18 U.S.C. § 2701 *et seq*.

4. As used herein, the terms "hack" or "hacked" mean and relate to the unauthorized use of an electronic mail ("email") account (or similar electronic storage device) through the method of bypassing its security as a result of guessing the password of the authorized owner of the account or by similar unauthorized means.

## PARTIES AND FACTS

5. Plaintiff Will Rogers ("Rogers") is, and at all times herein was, a resident within this district.

6. From March 2, 2015 until September 3 2019, Plaintiff was employed by Red Cloud, Inc. ("Red Cloud") as a Project Manager. In that position, Plaintiff was responsible for managing field projects and some system designs.

7. Independent of his employment with Red Cloud, Plaintiff invented and patented several inventions.

8. On September 3, 2019, Red Cloud terminated Plaintiff's employment.

COMPLAINT                                                                                          - 1 -
CASE NO.

9.    From September through December 2019, Defendant Nancy Bellerose was employed as the Controller and an officer, director, or managing agent of Red Cloud.  From September 3, 2019 through at least December 11, 2019, Defendant knowingly and intentionally accessed Plaintiff's private email and other accounts, without Plaintiff's authorization, in order to view and download confidential, proprietary, and trade secret information belonging to Plaintiff and third parties.  Specifically, Defendant hacked into Plaintiff's iCloud account, Yahoo email account, Google drive, and Gmail accounts.  Defendant knew she did not have Plaintiff's permission to access any of these private accounts.

10.    Defendant is, and at all times was, a resident within this district.

11.    Defendant's objective was to acquire confidential information from Plaintiff in order to assert claims to ownership of Plaintiff's patents by Red Cloud, and to obtain information surreptitiously as leverage against Plaintiff related to Plaintiff's anticipated claims against Red Cloud.

12.    Plaintiff first learned about the illegal hacking of his accounts on or about December 11, 2019, though an email alert.  Plaintiff discovered that Defendant was logged into one or more of his accounts, and reset passwords.  Immediately after the password change, Defendant attempted to rest Plaintiff's passwords via affirmative requests to both Apple and Google, indicating that Defendant was actively monitoring Plaintiff's email and iCloud accounts, and intentionally attempting to hack into those accounts without authorization.

13.    Plaintiff has been substantially harmed by Defendant's conduct.  In connection with his patents and other work as a developer, Plaintiff has executed a number of nondisclosure agreements ("NDA") and similar confidentiality agreements in which Plaintiff was (and is) required to maintain the confidentiality of third party data acquired in connection with Plaintiff's work.  By hacking into Plaintiff's accounts, Defendant was able to access highly confidential and proprietary materials that are the subject of NDA's and similar agreements.  As a result, Plaintiff is required to take affirmative steps to retrieve any documents or information accessed through Defendant's unauthorized and illegal hacking.

///

14. Plaintiff is further informed and believes, and thereon alleges, that Defendant was the agent, servant, and/or co-conspirator of third parties in doing the things alleged herein and was acting within the course and scope of her employment or agency, including for Red Cloud.

## FIRST CLAIM FOR RELIEF

## Violation of the Stored Communications Act, 18 U.S.C. § 2707

15. Plaintiff refers to, and incorporates herein by reference, the allegations contained in paragraphs 1 through 14 above.

16. Defendant accessed Plaintiff's iCloud account between September 3, 2019 and December 11, 2019.

17. Defendant accessed Plaintiff's Gmail account between September 3, 2019 and December 11, 2019.

18. Defendant accessed other electronic accounts belonging to Plaintiff (in addition to the iCloud and Gmail accounts) between September 3, 2019 and December 11, 2019.

19. Defendant was not authorized to access any of Plaintiff's personal accounts between September 3, 2019 and December 11, 2019.

20. Nevertheless, Defendant accessed, viewed, and downloaded data from Plaintiff's personal accounts between September 3, 2019 and December 11, 2019.

21. Defendant shared Plaintiff's personal data, documents, and other information with third parties.

22. Defendant continues to have in her possession, custody, and control documents, data, and information acquired through her hacking.

23. Defendant's hacking of Plaintiff's personal accounts was done intentionally and with the specific intent to access an electronic communication service to obtain Plaintiff's confidential information.

24. The SCA states that an offense in violation of that Act occurs when a person either: (1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic

communication while it is in electronic storage in such system.  18 U.S.C. § 2701(a)(1)-(2).

25. Congress underscored the importance of the public policy embodied in the SCA by providing, in cases of commercial advantage, as in this case, for punishment of a fine or imprisonment of up to five (5) years by any offender, (18 U.S.C. § 2701(b)(1)), or up to one (1) year in all other cases, (18 U.S.C. § 2701(b)(2)).

26. In addition to criminal penalties, Congress also created a right to a civil action under to any person aggrieved by a violation of the SCA providing for relief, including: (1) a preliminary and other equitable or declaratory relief as may be appropriate; (2) damages; and (3) reasonable attorneys' fees and other litigation costs reasonably incurred.  (18 U.S.C. §§ 2707(a) and 2707(b)(1)-(3).  Damages are defined as including actual damages suffered by the Plaintiff in a sum not less than $1,000 for a violation and punitive damages where, as here, the Defendant's violation was willful and intentional.  (18 U.S.C. § 2707(c).)

27. For the reasons stated herein, and because Defendant acted intentionally, with malice, and for commercial purposes, Plaintiff requests relief in the form of actual damages (in an amount to be determined), preliminary, equitable and declaratory relief, reasonable attorneys' fees and litigation costs, and punitive damages against Defendant.

28. Plaintiff requests, *inter alia*, that the Court issue an injunction prohibiting Defendant, either directly or indirectly, from using any stolen data, documents, or materials obtained in violation of the SCA by hacking into Plaintiff's accounts.  Plaintiff requests, *inter alia*, that Defendant be ordered to retrieve all copies of the stolen emails, data, and documents that are in her possession, custody, or control, including any derivative materials that incorporate any information obtained by Defendant as a result of her unlawful hacking.  Plaintiff further requests an injunction prohibiting Defendant, either directly or indirectly, from accessing or attempting to access any stored emails of Plaintiff without authorization.

## SECOND CLAIM FOR RELIEF

### Violation of California Penal Code Section 502

29. Plaintiff refers to, and incorporates herein by reference, the allegations contained in paragraphs 1 through 28 above.

30. Plaintiff is entitled to maintain a private right of action pursuant to California Penal Code section 502(e)(1).

31. Plaintiff is informed and believes, and on that basis alleges, that Defendant violated California Penal Code section 502(c) by, among other things, knowingly accessing and without permission:

(a) Altering, damaging, deleting, destroying and/or using Plaintiff's data, Plaintiff's computer, Plaintiff's computer system, and/or Plaintiff's computer network to wrongfully control or obtain data.

(b) Taking, copying and/or otherwise making use of data from Plaintiff's computer, Plaintiff's computer system, and/or Plaintiff's computer network.

(c) Taking or copying documentation whether existing or residing internal or external to Plaintiff's computer, Plaintiff's computer system, and/or Plaintiff's computer network.

(d) Using Plaintiff's computer services, as defined in California Penal Code section 502(b)(4).

(e) Altering, damaging, deleting and/or destroying Plaintiff's data, Plaintiff's computer software, and/or Plaintiff's computer programs which reside or exist internal or external to Plaintiff's computer, or Plaintiff's computer system, or computer network.

32. Moreover, while committing the intrusions described above, Defendant intercepted numerous emails messages in violation of California Penal Code sections 631 and 637.2. Specifically, while Defendant was unlawfully logged into Plaintiff's email accounts, new messages addressed to the account would arrive. Defendant's interception of those messages was contemporaneous with their transmission and Defendant's unauthorized intrusions. As such, Plaintiff is entitled to three times the amount of actual damages.

33. Plaintiff is informed and believes, and thereon alleges, that Defendant's actions that constitute violations of California Penal Code section 502(c) were not committed within the scope of Defendant's lawful employment within the meaning of California Penal Code section 502.

34. The value of Plaintiff's supplies and computer services that Defendant used exceed $250.

35. As a proximate result of Defendant's violation of California Penal Code section 502(c), Plaintiff has sustained, and will continue to sustain, loss and damages according to proof.

36. By reason of Defendant's acts, Plaintiff is entitled to attorneys' fees in accordance with the provisions of California Penal Code section 502(e)(2).

37. Defendant acted maliciously with the intention of causing injury to Plaintiff, or despicably with a willful and conscious disregard of the right of Plaintiff, sufficient to justify the award of exemplary and punitive damages in accordance with the provisions of California Penal Code section 502(e)(4).

38. Until and unless enjoined by this Court, Defendant's wrongful conduct will cause irreparable injury to Plaintiff because Plaintiff derives economic value from the data remaining confidential, and Plaintiff is being damages by Defendant's unlawful access to Plaintiff's data. Plaintiff has no adequate remedy at law for the injuries that he is currently suffering or that he could suffer in the future if Defendant continues to violate California Penal Code section 502(c).

### THIRD CLAIM FOR RELIEF

### Conversion

39. Plaintiff refers to, and incorporates herein by reference, the allegations contained in paragraphs 1 through 38 above.

40. At all times herein mentioned, Plaintiff was the rightful owner and entitled to possession of the data and information that Defendant unlawfully accessed by hacking into Plaintiff's accounts.

41. Defendant knowingly and intentionally interfered with Plaintiff's dominion, possession, use, and ownership of the data and information by misappropriating such data and information and converting such information for her own possession and use.

42. Defendant has not returned Plaintiff's property that Defendant took personal possession of and converted to her own use without Plaintiff's authorization or consent.

///

COMPLAINT                                                                                                          - 6 -
CASE NO.

43. Defendant knew or had reason to know that Plaintiff was lawfully entitled to the property, but intentionally withheld it and/or attempted to destroy it to damage Plaintiff and/or with a conscious disregard for Plaintiff's lawful right to ownership and possession, and the privacy rights of Plaintiff and third parties.

44. As a proximate result of Defendant's misappropriation of Plaintiff's data and information, Plaintiff has sustained, and will continue to sustain damages according to proof.

45. Defendant acted maliciously with the intention of causing injury to Plaintiff, or despicably with willful and conscious disregard to the rights of Plaintiff, sufficient to justify an award of exemplary and punitive damages.

### FOURTH CLAIM FOR RELIEF

**Violation Of Article I, Section 1 of the California Constitution**

46. Plaintiff refers to, and incorporates herein by reference, the allegations contained in paragraphs 1 through 45 above.

47. Pursuant to 28 U.S.C. § 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

48. The aforementioned wrongful actions and practices of Defendant violated Plaintiff's rights under Article I, Section 1 of the California Constitution, which provides:

> "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and *privacy*." (Emphasis added.)

49. The California State Constitution was amended to add the constitutional right to privacy following a 1972 ballot initiative. The California Supreme Court has since suggested the State Constitution's enumerated right to privacy is sometimes greater than the United States Constitution's unenumerated right to privacy.

50. Between September 3, 2019 and December 11, 2019, Defendant repeatedly intercepted, accessed, and appropriated Plaintiff's private data, information, and documents.

///

1  Defendant knew the materials were private and that Defendant was not authorized to access
2  Plaintiff's accounts, and yet Defendant continued to access Plaintiff's accounts.

3  51.  Defendant's unauthorized hacking into Plaintiff's private email and files was an
4  egregious breach of well-established social norms and violated Plaintiff's reasonable expectation of
5  privacy.

6  52.  As a result of Defendant's actions, Plaintiff was harmed in an amount to be
7  determined.

**FIFTH CLAIM FOR RELIEF**

**California Business & Professions Code section 17200, et seq.**

53.  Plaintiff refers to, and incorporates herein by reference, the allegations contained in paragraphs 1 through 52 above.

54.  Defendant's unlawful, unfair and/or fraudulent acts alleged in each and every one of the causes of action contained herein constitute unfair competition under California Business & Professions Code sections 17200 *et seq.*

55.  By virtue of the wrongful conduct alleged above, including Defendant's wrongful emailing, taking, removing, refusing to return, deleting, and disclosing Plaintiff's data, in addition to conducting corporate espionage, Defendant has engaged in unfair competition and/or unlawful or fraudulent business acts or practices in violation of California Business & Professions Code section 17200 *et seq.*, that has injured Plaintiff and resulted in out-of-pocket losses, thereby entitling Plaintiff to injunctive and restitutionary relief as provided by California Business & Professions Code section 17203.

**SIXTH CLAIM FOR RELIEF**

**Tort of Another**

56.  Plaintiff refers to, and incorporates herein by reference, the allegations contained in paragraphs 1 through 55 above.

57.  Defendant engaged in tortious behavior, as alleged above.

58.  As a direct and proximate result of torts of Defendant, Plaintiff was required to pursue legal action against Defendant, including this proceeding based on obligations to take steps

to preserve and protect confidential and proprietary information misappropriated by Defendant. As a direct and proximate result of the torts of all defendants alleged above, Plaintiff has been compelled to engage counsel to prosecute claims against others.

59. Under the "tort of another" doctrine, Plaintiff is entitled to recover damages from Defendant for the costs and fees necessitated by Defendant's tortious misconduct, including legal expenses related to this and any related proceedings. These costs and fees exceed this Court's minimum jurisdictional limits, subject to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1. An award of maximum statutory damages proven at trial;
2. An award of direct and consequential damages proven at trial;
3. For a preliminary injunction and permanent injunction, including an order compelling Defendant to return all documents and data copied or obtained from unlawful access of Plaintiff's accounts;
4. An award of compensatory damages based on forensic IT compliance to ensure return of all data or documents;
5. For exemplary and punitive damages;
6. For costs, including attorneys' fees and court costs related to this and any other proceedings;
7. Restitution and disgorgement of any profits or any benefits received because of Defendant's hacking; and
8. Such other and further relief as the Court may deem just, proper, and equitable.

///
///
///
///
///
///

COMPLAINT - 9 -
CASE NO.

1 | DATED: January 21, 2020

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: */s/ James Smith*
    JAMES SMITH

Attorneys for Plaintiff
WILL ROGERS

COMPLAINT
CASE NO.

- 10 -

**DEMAND FOR JURY TRIAL:**

Plaintiff demands trial by jury.

DATED:  January 21, 2020        Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: */s/ James Smith*
      JAMES SMITH

Attorneys for Plaintiff
WILL ROGERS