UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| WILLIAM E ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY BELLEROSE, et al.,<br><br>Defendants. | Case No.  20-cv-00438-VC   (RMI)<br><br>**ORDER RE: DISCOVERY DISPUTE LETTER BRIEFS**<br><br>Re: Dkt. Nos. 34, 39 |

Now pending before the court are an Updated Joint Discovery Letter Brief (dkt. 34) and a Supplemental Discovery Letter Brief (dkt. 39). Previously, the parties had presented their original Discovery Letter Brief (dkt. 32) setting forth various issues, some of which appeared to have already been resolved; accordingly, the court ordered the parties to meet and confer in an effort to narrow or resolve the matters in dispute (*see* Order (dkt. 33)) and then to file an Updated Joint Letter Brief. However, when the parties file their Updated Joint Discovery Letter Brief (dkt. 34), it still appeared that they were arguing in a disjointed fashion because Defendants submitted that some of the disputed supplemental discovery responses had in fact been tendered and that they were no longer in dispute; and, as to other disputed items of discovery, Plaintiffs were simply refusing to accept the notion that Defendants did not have any responsive documents in their possession (*see generally* (dkt. 34)). Thus, once again, the court ordered the parties to meet and confer in a meaningful fashion and to file a supplemental letter brief (*see* Oral Order (dkt. 35)) through which the court hoped that what appeared to be a non-issue might be resolved amicably. Regrettably, having filed the Supplemental Discovery Letter Brief (dkt. 39), the parties are still at an impasse; and, the court finds that the matter is suitable for disposition on the papers under Civ.

1   Local R. 7-1(b), and that no further oral argument is necessary. For the reasons stated below,

2   Plaintiff's remaining requests to compel discovery – as described in the Supplemental Discovery

3   Letter Brief (dkt. 39) are **DENIED**.

4         Plaintiff filed suit in this case against his former employer as well as a number of its

5   officers and directors alleging that after Defendants terminated his employment, they hacked into

6   his private email and other accounts and devices such as to illicitly acquire the information

7   necessary in order to assert claims of ownership of his patents and to obtain "leverage" against

8   him due to his anticipated claims against them. *See* Amend. Compl. (dkt. 28) at 3-4. As Plaintiff

9   put it, it "is an action of crude corporate espionage and spite." *Id*. at 2. Following the termination

10  of his employment, Plaintiff became aware of the possibility that Defendant Bellerose, or someone

11  working for Defendant Red Cloud, may have accessed his personal devices and accounts. *See*

12  Supp. Ltr. Br. (dkt. 39) at 2-3. In short, Plaintiff now seeks the production of documents from

13  December of 2019 (the period during which the illicit access reportedly took place), and Plaintiff

14  simply refuses to accept Defendants' contention that they are not in possession of any responsive

15  documents – Plaintiff submits in this regard that "[t]he lack of documents is simply not credible,

16  especially since opposing counsel began sending demand letters claiming ownership to Plaintiff's

17  patents on December 17, a week after someone at Red Cloud began hacking into his accounts

18  which contain confidential information related to his patents." *Id*. at 3. Plaintiff does not venture

19  into any detail about how exactly Defense counsel's demand letters pertaining to Plaintiff's

20  patents indicate that Defendants are lying about their purported possession of responsive

21  documents that they have failed to tender in discovery.

22        Defendants respond that: they did not access any of Plaintiff's accounts or his devices;

23  they do not have the documents which Plaintiff requests; and, therefore, "Defendants cannot

24  produce documents that they do not have." *Id*. at 4. By way of reply, Plaintiff asks the undersigned

25  to force Defendants to "provide a privilege and withholding log and identify what documents are

26  being withheld related to Plaintiff's requests." *Id*. By merely suggesting that "the lack of

27  documents is simply not credible," however, Plaintiff fails to convince this court to retrospectively

28  add a "withholding log" requirement where none exists in the rules. In this regard, the undersigned

finds that Plaintiff must accept opposing counsel's representation that Defendants have no such documents in their possession, and that any retroactive "imposition of a requirement that there be a 'withholding log' or a 'non-responsiveness and irrelevance log' in this case would [needlessly] put the withholding party to the expense of going back over [the entirety of] its documents after it had been through them at least once." *In re Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.*, No. 2342, 2013 U.S. Dist. LEXIS 187691, at *9 n.2 (E.D. Pa. Oct. 31, 2013). Accordingly, Plaintiff's request to compel Defendants to produce such a log is **DENIED**.

As to the second category of disputed information, Plaintiff's Original Complaint (dkt. 1) only named a single individual defendant (Nancy Bellerose). Following the filing of the Original Complaint, during a period when Red Cloud was not yet a party to this action, Plaintiff served a Rule 45 subpoena on Red Cloud, in which regard Red Cloud maintains that it produced all responsive documents in its possession on October 8, 2020. *See* Supp. Ltr. Br. (dkt. 39) at 6. Several months after the filing of the Original Complaint, Plaintiff filed an Amended Complaint (dkt. 28) through which he added Red Cloud as a defendant in the case. Now, Plaintiff seeks certain "supplemental responses" from Defendant Red Cloud because Plaintiff maintains that it received "informal assurances" from Red Cloud that "indicated that *all* documents have been produced . . ." *See* Supp. Ltr. Br. (dkt. 39) at 3 (emphasis in original). Defendant Red Cloud submits that (1) it has already complied with the Rule 45 subpoena; and (2) that "[i]f Plaintiff wishes to serve formal discovery requests on Red Cloud . . . Plaintiff can certainly do that." *Id*. at 6. Accordingly, to the extent that Plaintiff wishes to retroactively shoehorn the discovery requests propounded to the individually-named Defendants onto the Rule 45 subpoena previously issued to Red Cloud before it became a party to this action, that request is **DENIED** and Plaintiff is directed to propound those discovery requests directly to Red Cloud now that it is a party to the action.

Lastly, in mashing together the two above-described disputes, Plaintiff also demands "formal supplemental responses" from all defendants as such: "Plaintiff requests the Court compel Defendant Bellerose Defendants (sic) to provide formal supplemental responses to the above requests for production of documents and, at the very least, require Defendant Red Cloud to formally withdraw their objections." *Id*. at 3-4. As mentioned above, to the extent that Plaintiff

3

wishes to retroactively shoehorn party discovery propounded to Defendant Bellerose into its previously-issued third-party subpoena to Defendant Red Cloud, that request is **DENIED**. To the extent that Plaintiff simply refuses to believe Defense Counsel's repeated representations that Defendants are not in possession of any responsive documents that have been properly requested, such as to justify "formal supplemental responses," that request is likewise **DENIED**.

**IT IS SO ORDERED.**

Dated: October 15, 2020

ROBERT M. ILLMAN
United States Magistrate Judge